

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

THE PEOPLE OF THE STATE OF NEW YORK

        Plaintiff,

   -against-

RAYMOND LESLIE,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

07 CV 2484 (NG) (LB)

**BLOOM, United States Magistrate Judge:**

Defendant Raymond Leslie ("Leslie"), appearing *pro se*, seeks to remove a criminal prosecution from the Criminal Court of the City of New York, County of Queens, DKT # 2006QN026864. Leslie's application to proceed *in forma pauperis* is granted solely for the purpose of this order. As it clearly appears on the face of the Notice of Removal and the exhibits annexed thereto that removal should not be permitted, the action is remanded to the Criminal Court of the City of New York pursuant to 28 U.S.C. § 1446(c)(4).

## BACKGROUND

Leslie is the defendant in a criminal prosecution for criminal possession of a controlled substance in the seventh degree which was commenced upon his arrest on May 18, 2006. Leslie's statement consists solely of the following: "I am being denied my right to a speedy trial. The actions of the state court is affecting my health as I have recently had kidney and prostate surgery at Bellevue Hospital Center in Manhattan." Notice of Removal at 1.[1] As a remedy, Leslie "request[s] that this case be dismissed." Notice of Removal at 2. Leslie filed the Notice of Removal on June 18, 2007.

---

[1] The Court has paginated Leslie's Notice of Removal for ease of reference.

## DISCUSSION

### A. Standard for Removal of a Criminal Prosecution

Title 28, section 1443, of the United States Code sets forth the criteria for removing a civil action or criminal prosecution from state court to federal court. The statute provides for removal if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States," 28 U.S.C. § 1443(1).[2] The Supreme Court has construed this section of the removal statute as referring to "racial equality." Georgia v. Rachel, 384 U.S. 780, 792 (1966); Chestnut v. People of the State of New York, 370 F.2d 1, 3 (2d Cir. 1966); Negron v. People of the State of New York, No. 02-CV-1688 (RR), 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002). Removal is not appropriate simply because the state has brought criminal charges against the defendant. Johnson v. Mississippi, 421 U.S. 213, 222 (1975). Further, a notice of removal of a criminal prosecution must be filed "no later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier" and must include "all the grounds for such removal." 28 U.S.C. § 1446(c)(1)-(5).

Here, Leslie fails to allege that his criminal prosecution is based upon any provision of New York law that will operate to deny him equal civil rights. 28 U.S.C. § 1443(1). Rather, Leslie argues that he is being denied his right to a speedy trial; a right he can assert in his state court criminal prosecution. As such, Leslie has failed to state adequate grounds for removal of the pending criminal prosecution to federal court. Moreover, the notice of removal is untimely as it was filed in June 2007, more than 30 days since he was arraigned in state court in May 2006. 28 U.S.C. § 1446(c)(1).

---

[2] Section 1443(2) does not apply as it is "available only to federal officers and to persons assisting such officers in the performance of their official duties." Negron, 2002 WL 1268001 at *2 (citing Greenwood v. Peacock, 384 U.S. 808, 815 (1966)).

## CONCLUSION

Accordingly, the Court concludes that removal should not be permitted and the action is hereby remanded, pursuant to 28 U.S.C. § 1446(c)(4), to the Criminal Court of the City of New York, County of Queens: Part AP1, People of the State of New York v. Leslie, No. 2006QN026864.

The Clerk of Court is directed to immediately send a certified copy of this Order to the Clerk of the Criminal Court of the City of New York, County of Queens, Part AP1, and to close the case in this Court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: June 26, 2007
Brooklyn, New York